IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MANUEL SISO-MENESES, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAM BONDI, Attorney General of the United States; BRET BRADFORD, Houston Field Office Director, Immigration and Customs Enforcement and Removal Operations; and ALENXANDER SANCHEZ, Warden of the IAH Secure Adult Detention Facility, in their official capacities, | § § § § § § § § § § § § | CIVIL ACTION NO. 9:25-CV-00355 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § § | |

## ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Manuel Siso-Meneses's Amended Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 3]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Manuel Siso-Meneses ("Siso-Meneses") is a Venezuelan national. [Dkt. 3 at ¶ 12]. Sometime in October 2025, United States Immigration and Customs Enforcement ("ICE") detained Siso-Meneses. *Id.* at ¶ 1.

On December 30, 2025, Siso-Meneses brought this amended habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 3].

---

[1] 8 U.S.C. § 1101 et seq.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Siso-Meneses appears to challenge the legality of his detention on two separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 3 at ¶ 22]. Second, Siso-Meneses argues that his detention in violation of the INA violates due process. *Id.* at ¶ 26.[2]

Siso-Meneses first challenges the Government's authority to detain him while removal proceedings are pending. *Id.* at ¶ 22. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be

---

[2] Siso-Meneses's Petition can also be read as challenging his detention as indefinite. [Dkt. 3 at ¶ 31]. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. This six month period has not elapsed; Siso-Meneses was detained in October 2025, at most three months ago. He therefore has the burden, and he has not carried it.

admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Siso-Meneses argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Siso-Meneses is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 3 at ¶ 24].[3]

## IV. CONCLUSION

Because Siso-Meneses has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Siso-Meneses's Amended Petition for Writ of Habeas Corpus [Dkt. 3] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of January, 2026.**

Michael J. Truncale
United States District Judge

---

[3] Siso-Meneses's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.